UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                Case No. 6:13-cv-1147-Orl-37KRS

**2003 SOCATA TBM 700 BEARING**
**U.S. REGISTRATION N67207,**

    Defendant.

**UNITED STATES' MOTION FOR DEFAULT JUDGMENT OF FORFEITURE**

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Federal Rule of Civil Procedure 55(b)(2) of the Federal Rules of Civil Procedure and Local Admiralty and Maritime Rule 7.03(i)(1), hereby files this Motion for a Default Judgment of Forfeiture as to the following defendant asset:

**2003 Socata TBM 700 Bearing U.S. Registration N6720Y**

In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.    **Background**

1.    On July 29, 2013, the United States filed a Verified Complaint for Forfeiture *in Rem* seeking forfeiture of the Defendant Aircraft because it was purchased with: 1) proceeds traceable to a controlled substance exchange in violation of the Controlled Substances Act; and/or 2) money used or intended to be used to facilitate a violation of the Controlled Substances Act.  *See* Doc. 1.

1

2.     As detailed more fully in the United States' Motions for Clerk's Entry of Default, Doc. 10, on August 2, 2013, in accordance with Rule G(4)(b) Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States served, via email, written notice of the civil forfeiture action, along with a copy of the Notice of Complaint for Forfeiture *in Rem*, a copy of the Complaint for Forfeiture *in Rem*, Warrant of Arrest *in Rem*, and one copy of the Acknowledgment of Receipt of Notice of Forfeiture *in Rem* ("Notice Package"), to the attorney[1] representing Consorcio Melun S.A. de C.V in relation to the seizure of the Defendant Aircraft.

3.     Additionally, on August 26, 2013, out of an abundance of caution because the Defendant Aircraft is registered to Aircraft Guaranty Trust,[2] the United States sent the Notice Package, via certified and regular mail, to the attorney representing Aircraft Guaranty Trust in relation to the seizure of the Defendant Aircraft.  Doc. 10 at 3-4.

---

[1]   As discussed in the United States' Motion for Clerk's Entry of Default, pursuant to Supp'l Rule G(4)(b)(iii)(B), notice may be sent to the potential claimant *or* an attorney representing the potential claimant with respect to the seizure of the property or in a related investigation or criminal case.  Doc. 10 at 4 (emphasis added); *see also United States v. Davenport*, 668 F.3d 1316, 1322-23 (11th Cir. 2012) (criminal forfeiture action applying the standards of notice applied in a civil forfeiture proceedings and finding that notice sent to just the third party's former attorney in criminal proceeding that gave rise to the forfeiture satisfied due process); *Kelly v. United States*, No. 1:10CV948, 2011 WL 4456569, *2 (M.D.N.C. Sept. 23, 2011) (claimant cannot claim "lack of notice" if notice was sent to, and received by, his attorney); *United States v. $22,050.00 in U.S. Currency*, No. 3:08-cv-0180, 2008 WL 4093066, *5 (M.D. Tenn. Aug. 26, 2008) (the Rule allows the Government to send the notice to the potential claimant or his attorney; it does not have to send notice to both, and it had no obligation to contact the attorney before the deadline expired to find out why he had not filed a claim), *rev'd on other grounds*, 595 F.3d 318 (6th Cir. 2010).

[2]   Because Consorcio Melun S.A. de C.V does not meet the U.S. citizenship requirements needed to register an aircraft with the Federal Aviation Administration, *see* Doc. 1, Affidavit at 4, 14, and 15, the Defendant Aircraft is registered to Aircraft Guaranty Trust even though it is believed that Consorcio Melun S.A. de C.V is the actual owner of the Defendant Aircraft.

4. Consorcio Melun S.A. de C.V and Aircraft Guaranty Trust are the only known parties with a potential interest in the Defendant Aircraft.

5. The Notice Package directed the attorneys representing Consorcio Melun S.A. de C.V and Aircraft Guaranty Trust to file a Statement of Right or Interest with the Clerk of Court within 35 days after receipt of the notice. To date, neither Consorcio Melun S.A. de C.V nor Aircraft Guaranty Trust have filed a claim to assert an interest in the Defendant Aircraft and the time to do has expired.[3]

6. Notice of this civil forfeiture action against the Defendant Aircraft was published for thirty (30) consecutive days on an official government internet site (www.forfeiture.gov) beginning on August 12, 2013, as evidenced by the Declaration of Publication filed with this Court. Doc. 9.

7. On August 9, 2013, the Defendant Aircraft was served with a copy of the complaint, as required by Supplemental Rule G(3)(b) & (c). Doc. 8.

8. Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to the Defendant Aircraft was required to file a claim no later than 35 days after the written notice was sent or 60 days after the first publication of notice on the official government website on August 12, 2013. The time period for filing a claim to contest the forfeiture of the Defendant Aircraft has expired and no extensions to these time limits have been requested, consented to, or granted by this Court.

9. No other person or entity has otherwise appeared or answered in this regard, and the time to do so has expired.

---

[3] On August 22, 2013, counsel for Consorcio Melun S.A. de C.V. informed the undersigned that Consorcio Melun S.A. de C.V. would not be contesting or otherwise defending the civil forfeiture action against the Defendant Aircraft. *See* Doc. 10 at Exhibit C.

10. On October 22, 2013, the United States filed a Motion for Clerk's Entry of Default against Consorcio Melun S.A. de C.V and Aircraft Guaranty Trust. Doc. 10.

11. On October 28, 2013, the Clerk entered an Order of Default against Consorcio Melun S.A. de C.V and Aircraft Guaranty Trust. Docs. 11 and 12.

12. Upon information and belief, no person or entity thought to have an interest in the Defendant Aircraft is an infant, incompetent, or presently engaged in military service.

## II.   ARGUMENT

Pursuant to Fed. R. Civ. P. 55(b)(2), after obtaining an entry of default from the clerk of the court, the plaintiff in a civil suit may apply to the Court for a default judgment.  *See* Fed. R. Civ. P. 55 (2009).  Local Admiralty and Maritime Rule 7.01(3)(i) further provides that "[n]ot sooner than five (5) nor later than thirty (30) days following notice of the entry of default, the moving party shall file a motion, and supporting legal documents, for the entry of default judgment pursuant to Rule 55(b), Fed. R. Civ. P."  *See* M.D. Fla. Loc. R. 7.03(i).  When no party has filed an answer or claim in a civil forfeiture action, "[u]nless otherwise ordered by the court, the motion for default judgment will be considered by the court without oral argument."  *Id.* at 7.03(i)(1).

The requirements of Fed. R. Civ. P. 55(b)(2) and Local Admiralty and Maritime Rule 7.03(i) have been satisfied in this case.  First, the known potential claimants were provided with notice of this civil forfeiture action.  Second, to all other potential claimants, notice was provided via the United States' official forfeiture website.  Aside from the two known potential claimants, there are no other potential claimants to the Defendant Aircraft.  Third, the time for filing a response to the United States' civil

forfeiture complaint has expired.  Fourth, the Clerk of Court has issued an Entry of Default against the two known potential claimants, Consorcio Melun S.A. de C.V and Aircraft Guaranty Trust, as required by Fed. R. Civ. P. 55(a).  Finally, this motion for default judgment is being filed more than five days, but no more than 30 days, after the Entry of Default.  See M.D. Fla. Loc. R. 7.03(i).

No hearing is required before this Court may enter a judgment of default against the Defendant Aircraft in this case.  Pursuant to Local Admiralty and Maritime Rule 7.03(i)(1), because no one has filed an answer or claim against the Defendant Aircraft, oral argument is not required before a judgment of default may be entered against the Defendant Aircraft.  Furthermore, the amount subject to civil forfeiture is an exact amount.  Therefore, a hearing is not required to determine the amount subject to forfeiture.

WHEREFORE, the United States respectfully requests that, pursuant to the provisions of Fed. R. Civ. P. 55(b)(2) and Local Admiralty and Maritime Rule 7.03(i)(1), the Court enter a Default Judgment of Forfeiture, forfeiting to the United States, all right, title, and interest in the 2003 Socata TBM 700 Bearing U.S. Registration N6720Y.

Respectfully submitted,

A. LEE BENTLEY, III
Acting United States Attorney

By: s/Nicole M. Andrejko
Nicole M. Andrejko
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, Florida  32801
Telephone:  (407) 648-7500
Facsimile:  (407) 648-7643
E-Mail:  Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I mailed on November 4, 2013, the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Consorcio Melun S.A. de C.V.
c/o Robert I. Targ, Esquire
Diaz, Reus & Targ, LLP
100 SE Second Street
2600 Miami Tower
Miami, FL 33131

Aircraft Guaranty Trust
c/o Zachary B. Fertitta, Esquire
The Fertitta Law Firm
1004 Congress, 3rd Floor
Houston, TX 77002

<u>s/Nicole M. Andrejko</u>
Nicole M. Andrejko
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, FL 32801
Telephone:     (407) 648-7500
Facsimile:     (407) 648-7643
E-Mail: Nicole.Andrejko@usdoj.gov