**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 6:13-cv-1147-Orl-37KRS

2003 SOCATA TBM 700 BEARING U.S.
REGISTRATION N6720Y,

    Defendant.

**ORDER**

This cause is before the Court on the following:

(1)     Plaintiff's Verified Complaint for Forfeiture *In Rem* (Doc. 1), filed July 30, 2013;

(2)     The Clerk's Entry of Default against Claimant Aircraft Guaranty Trust (Doc. 11), filed October 28, 2013;

(3)     The Clerk's Entry of Default against Claimant Consorcio Melun S.A. de C.V. (Doc. 12), filed October 28, 2013; and

(4)     United States' Motion for Default Judgment of Forfeiture (Doc. 13), filed November 4, 2013.

**BACKGROUND**

This is an action *in rem* for civil forfeiture of an aircraft—2003 Socata TBM 700 Bearing U.S. Registration N6720Y—which was seized by the Department of Homeland Security on or about November 21, 2012, in Deland, Florida pursuant to a warrant of arrest *in rem*. (*See* Docs. 1, 5.) After filing proofs of service by publication and directly on two prospective claimants, Plaintiff moved for entry of Clerk's defaults pursuant to

Federal Rule of Civil Procedure 55(a). (*See* Doc. 10; *see also* Docs. 8–9.) The Clerk entered defaults against claimants Aircraft Guaranty Trust and Consorcio Melun S.A. de C.V. ("Consorcio"). (*See* Docs. 11, 12.) Plaintiff then timely moved for final default judgment of forfeiture pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 13.) To date, no claimant has appeared in this action to assert any rights in the Aircraft, and Plaintiff submitted a sworn statement that counsel for Consorcio advised that Consorcio decided not to contest or otherwise defend this action. (*See* Doc. 10, p. 3; Doc. 10-1, ¶ 8; Doc. 10-3.) Accordingly, Plaintiff's Rule 55(b) motion is ripe for the Court's adjudication.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. Fed. R. Civ. P. 55(b). By default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In a forfeiture action, the complaint must "adhere to the pleading requirements set forth in Rule E(2)(a) of the Supplemental Rules of Certain Admiralty and Maritime Claims." *See United States v. Two Parcels of Real Prop. Located in Russell Cnty., Ala.*, 92 F.3d 1123, 1126 (11th Cir. 1996); *see also* 18 U.S.C. § 983(a)(3)(A). Under this standard, a forfeiture complaint must set forth "sufficient facts to provide a reasonable belief that the property is subject to forfeiture: in particular, that the Government has probable cause to believe that a substantial connection exists between the property to be forfeited and the exchange of a controlled substance." *Id.* (quotation omitted). If a forfeiture complaint provides sufficient allegations, and no claimant appears in the action after proper

service of process, then the Government is entitled to entry of a default judgment of forfeiture pursuant to Rule 55(b). *See United States v. $114,031.00 in U.S. Currency*, 284 F. App'x 754, 757 (11th Cir. 2008) (affirming default judgment in an *in rem* civil forfeiture action); *see also United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439 (11th Cir. 1984) (affirming denial of motion to reopen default judgment in an *in rem* civil forfeiture action).

## ANALYSIS

"Federal statutes provide that property is forfeited to the Government when it is used or intended to be used to facilitate illegal drug activities . . . or when it constitutes proceeds traceable to the exchange of money for a controlled substance." *Two Parcels of Real Prop. Located in Russell Cnty., Ala.*, 92 F.3d at 1126. "[T]he critical issue in a forfeiture case is whether the Government has shown probable cause which, unrebutted by the claimants, is sufficient to permit forfeiture." *Id.* Upon review of the record, the Court finds sufficient grounds in the Verified Complaint and detailed Affidavit of Special Agent Ryan Gorman to establish probable cause that the funds used to purchase the Aircraft were traceable to or intended to facilitate a controlled substance exchange in violation of the Controlled Substances Act. (*See* Doc. 1, pp. 20–24, 26; *see also* Doc. 5 (providing Warrant of Arrest *In Rem*).) Accordingly, forfeiture of the Aircraft is warranted pursuant to 21 U.S.C. § 881(a)(6). Further, the record establishes that prospective claimants have received proper notice of this action (Docs. 8–10), yet no claimants have appeared in this action. Thus, Plaintiff's Rule 55(b) motion is due to be granted, and the Court will enter a separate judgment pursuant to Rule 58(a) of the Federal Rules of Civil Procedure.

**CONCLUSION**

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. United States' Motion for Default Judgment of Forfeiture (Doc. 13) is **GRANTED**.

2. On or before June 9, 2014, the Plaintiff is **DIRECTED** to submit to the Court a proposed form of final default judgment to be entered in this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 28, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record